**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 10-cv-00133-LTB-MJW

JANET O'DONNELL,

   Plaintiff,

v.

MICHAEL J. SULLIVAN, and
TRIPLE CROWN SERVICES COMPANY,

   Defendants.
_____

**ORDER**
_____

   THIS MATTER is before the Court on Defendants' Motion For a Partial Judgment on the Pleadings, filed April 12, 2010 (docket #19); and Plaintiff's Response, filed May 25, 2010 (docket #28). Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, Defendant's motion is granted.

   I.  INTRODUCTION

   This case arises out of a motor vehicle accident that occurred on September 26, 2008. Plaintiff claims she sustained injuries when a Triple Crown tractor-trailer driven by Sullivan struck her vehicle on the driver's side while changing from the left to right lane. Plaintiff's Complaint and Amended Complaint assert claims of negligence and negligence per se against Sullivan as well as claims of vicarious liability, negligent entrustment, negligent hiring, supervising and retention of Sullivan, against Triple Crown.

II.     ANALYSIS

A Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Under this standard, I must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party.  *Micale v. Bank One N.A. (Chicago)*, 382 F. Supp. 2d 1207, 1216.  "The defendant can succeed only 'when it appears that the plaintiff can prove no set of facts in support of the claims that would entitled the plaintiff to relief.'" *Id. citing Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992).  A "Rule 12(c) motion is confined to the pleadings and to any documents attached as exhibits to the pleadings, including the defendant's answer."  *Id. citing Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

Defendant Triple Crown asserts because it admits Sullivan was acting in the course and scope of his employment at the time of the accident, Plaintiff's claims of negligent entrustment, hiring, training, supervision and retention of Sullivan serve no purpose, are duplicative and may serve to be highly prejudicial to the Defendants in this matter. Defendants argue that they are entitled to partial judgement on the pleading pursuant to Fed. R. Civ. P. 12(c) and Plaintiff's Fourth and Fifth Claims for Relief should be dismissed with prejudice.

Plaintiff agrees to amend her Civil Complaint and Jury Demand to remove the Fourth and Fifth Claims for Relief against Defendant Triple Crown.  Plaintiff does not agree that those claims should be dismissed with prejudice and reserves her right to seek leave of the Court to refile these claims against Defendant Triple Crown should evidence be discovered via written discovery and/or deposition testimony that Plaintiff feels would warrant the

2

inclusion of these claims of relief in this action.

As Plaintiff has agreed to dismiss her Fourth and Fifth claims for Relief, the question remaining is whether these claims should be dismissed with prejudice. Although the Colorado courts have not addressed the precise issue presented here, the majority view is that once an employer admits *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against he employer on any other theory of imputed liability. *See McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995). Plaintiff has not made any arguments to suggest that the Colorado courts would hold otherwise.

Accepting the well-plead allegations in the Complaint as true and construing them in the light most favorable to the non-moving party, I agree with Defendants that Plaintiff's claims must be dismissed with prejudice. Any further evidence discovered by Plaintiff that would provide evidence of the negligent hiring, training and supervision or negligent entrustment claims would still not merit the inclusion of those claims in this action. "Once the principal has admitted its liability under a *respondeat superior* theory, such as in the instant case, the cause of action for negligent entrustment is duplicative and unnecessary. To allow both causes of action to stand would allow a jury to assess or apportion a principal's liability twice." *Gant v. L.U. Transport, Inc.*, 770 N.E.2d 1155, 1160 (Ill. App. 2002).

As such, Defendants' Motion For a Partial Judgment on the Pleadings, filed April 12, 2010 (docket #19) is **GRANTED**. It is

FURTHER ORDERED that Plaintiff's Fourth and Fifth Claims for Relief are **DISMISSED WITH PREJUDICE**.

Dated: June   23  , 2010.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Judge