IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00133-LTB-MJW

JANET O'DONNELL,

Plaintiff,

v.

MICHAEL J. SULLIVAN; and
TRIPLE CROWN SERVICES COMPANY,

Defendants,

INNOVATIVE HEALTHCARE FINANCING GROUP, LLC,

Intervenor.

---

**RECOMMENDATION ON
MOTION FOR ATTORNEY FEES (Docket No. 174)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to a Supplemental Order of Reference (Docket No. 162) issued by Senior Judge Lewis T. Babcock on May 24, 2012.

**I. PROCEDURAL BACKGROUND**

This is a personal injury case which was removed from Weld County District Court on January 21, 2010.  After a lengthy and contentious discovery process, and after the withdrawal of several attorneys, a Notice of Settlement (Docket No. 119) was filed on July 21, 2011, one month prior to the scheduled four-day jury trial.  Shortly thereafter, an unopposed motion to deposit the settlement proceeds into the court's registry was filed and granted (Docket No. 122 & 123).  The full settlement amount of

2

$57,000 was deposited in the court's registry on September 8, 2011 (Docket No. 135).

On January 25, 2012, Innovative Healthcare Financing Group, LLC ("Innovative") filed a Motion to Intervene (Docket No. 145). The motion was granted on February 16, 2012 (Docket No. 151). Subsequently, Innovative filed a Motion for Partial Disbursement of Registry Funds (Docket No. 153) seeking its share of the settlement proceeds. On July 12, 2012, this court made a recommendation (Docket No. 172) as to Innovative's motion, which was adopted by Senior Judge Babcock on July 30, 2012 (Docket No. 175). The order directed that $23,132.50 be released from the court's registry to Innovative. The order further directed that the amount of reasonable attorney fees, to be finally determined upon the recommendation of this court, be released from the court's registry to Innovative, along with one-half of the court costs.

On August 2, 2012, pursuant to the court's order, $23,132.50 was released to Innovative. Now this court must determine the reasonable amount of attorney fees due to Innovative.

## II. PENDING MOTION

Now before the court for a report and recommendation is Innovative's Motion for Attorney Fees (Docket No. 174) filed on July 27, 2012. Plaintiff Janet O'Donnell filed a response to Innovative's motion on August 28, 2012 (Docket No. 178). In addition, this court held a hearing on Innovative's motion on September 5, 2012. During the half-hour hearing, the court heard testimony from Innovative's attorney Mark Herbert and plaintiff's former attorney Richard Leslie.

The court has carefully considered Innovative's motion and plaintiff's response. In addition, the court has taken judicial notice of the court's file, and has considered the

applicable Federal Rules of Civil Procedure and case law.  The court has also considered the testimony and credibility of each witness who testified at the September 5, 2012 hearing, and each of the admitted exhibits.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

A court determines what fee is reasonable by calculating the lodestar - the total number of hours reasonably expended multiplied by a reasonable hourly rate.  <u>Phelps v. Hamilton</u>, 120 F.3d 1126, 1131 (10th Cir. 1997).  Fees for law clerks and paralegals are determined in the same fashion.  <u>Case v. Unified School Dist. No. 233</u>, 157 F.3d 1243, 1249 (10th Cir. 1998).  In determining the reasonable number of hours, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  Accordingly, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary."  <u>Id.</u> at 434.  A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  <u>Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.</u>, 295 F.3d 1065, 1078 (10th Cir. 2002).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  <u>Mares v. Credit Bureau of Raton</u>, 801 F.2d 1197, 1201 (10th Cir. 1986).

First, the court will address the reasonable number of hours expended by Innovative's attorney Mark Herbert and his legal assistant in this matter.  As part of its motion, Innovative submitted an itemization of the hours spent on this matter by Mr. Herbert and his legal assistant.  The itemization begins on July 7, 2011, ends on July 26, 2012, and totals 59.5 hours.  The total amount billed is $18,425.00.  Each time entry

4

includes a detailed description of the work performed. In addition, Mr. Herbert testified at the September 5, 2012 hearing that all 59.5 hours have been billed to, and paid by, Innovative. The court has reviewed the itemization and finds that the 59.5 hours is a reasonable amount of time given the extent and nature of this matter. In addition, Mr. Herbert testified that he spent three hours preparing for the September 5, 2012 hearing. The court finds three hours is excessive given the limited nature of the hearing. Accordingly, the court will add one additional hour for preparation for the hearing, and one-half hour for the hearing itself. In total, therefore, the court finds that 61 hours is a reasonable number of hours spent on this matter.

Next, the court must determine the reasonable rate for the services performed. Mr. Herbert's rate is $350 per hour and his legal assistant's is $50 per hour. As part of its motion, Innovative submitted a detailed curriculum vitae for Mr. Hebert. In addition, at the September 5, 2012 hearing, Mr. Herbert testified as to his experience as an attorney. Mr. Herbert has been a licensed attorney since 1982 and has been licensed in Colorado since 1994. Mr. Herbert's curriculum vitae reflects that he has extensive experience in private practice. The court finds that $350 per hour is a reasonable rate given the prevailing market rates in the Denver area for attorneys with similar experience. In addition, the court finds that $50 per hour is a reasonable rate for a legal assistant or paralegal.

The court finds that total amount of reasonable attorney fees for this matter is $18,950.00 ($18,425.00 plus $525 for the hearing and prep). In addition, Innovative is entitled to half the court costs, or $885.50. Accordingly, the court finds that a total of $19,835.50 should be released to Innovative. As to the balance of the account, as no

5

other party has intervened or claimed an interest in the settlement proceeds before this court, the court finds that the balance of the account should be released to plaintiff.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion for Attorney Fees (Docket No. 174) be **GRANTED**, and $19,835.50 be released from the court's registry to Intervenor Innovative Healthcare Financing Group, LLC. It is further

**RECOMMENDED** that the balance of the settlement amount contained in the court's registry be released to plaintiff Janet O'Donnell.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: September 6, 2012          s/ Michael J. Watanabe
      Denver, Colorado             Michael J. Watanabe
                                   United States Magistrate Judge